UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERESA H., | ) |
|           Plaintiff | ) ) ) |
| v. | ) )   No. 2:22-cv-00061-GZS ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|           Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred by failing to adequately address (1) her request to subpoena testimony from agency consultative examiners and (2) her objection to the consideration of those consultative examiners' reports if her request to subpoena their testimony was denied. *See* Statement of Errors (ECF No. 15). I conclude that the Plaintiff waived these arguments and recommend that the Court affirm the Commissioner's decision.

### I. Background

After conducting a hearing in November 2020, the ALJ determined in a January 2021 decision that, although the Plaintiff had several medically determinable impairments, she did not have a severe impairment or combination of impairments that significantly limited her ability to perform basic work-related

1

activities.[1]  *See* Record at 20-30, 72-104.  Accordingly, the ALJ found the Plaintiff not disabled.  *See id.* at 30.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

The Plaintiff's counsel[2] filed requests to subpoena the testimony of certain consultative examiners and indicated that the Plaintiff would object to the admission and consideration of those examiners' written reports if her request was denied.

---

[1] The hearing and ALJ decision at issue in this appeal came after the Appeals Council vacated an earlier ALJ's decision.  *See* Record at 181-200, 208-10.

[2] The Plaintiff is represented by different counsel on appeal.

2

*See* Record at 493-501, 547-48. When, during the administrative hearing, the ALJ asked the Plaintiff's counsel whether there were any objections to the exhibits, the Plaintiff's counsel reiterated the subpoena requests and related objections. *See id.* at 76. The following exchange then took place:

> ALJ: All right. I am denying the subpoena request. I am overruling your objection. I believe that there are portions of [the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX)] that say the consultative examiner shouldn't be subpoenaed, that if anything, just interrogatories sent to them but I am denying your request anyway. I am overruling that objection.
>
> [Counsel]: Interrogatories should be fine with me, Your Honor. I understand your position.
>
> ALJ: Okay.

*Id.* at 76-77. The ALJ went on to admit the consultative examiners' reports into evidence. *See id.* at 77. The Plaintiff's counsel did not raise the issue of interrogatories again during the hearing—even when the ALJ asked him at the end of the hearing if there was anything else that needed to be addressed—nor did he attempt to submit any interrogatories after the hearing. *See id.* at 76-104; Statement of Errors at 7.

On appeal, the Plaintiff contends that the ALJ " failed to adequately address" her subpoena requests, her objections to the consultative examiners' reports, and her counsel's statement that interrogatories would be fine with him. Statement of Errors at 5-8. She argues that the ALJ's explanation during the hearing was "inadequate to apprise" her or the Court of his reasons for denying her subpoena requests and overruling her objections. *Id.* at 7-8. And she faults the ALJ for not further

3

addressing her counsel's apparent willingness to submit interrogatories to the consultative examiners. *See id.*

Simply put, the Plaintiff has waived these arguments. *See Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001) (recognizing that a claimant can waive an issue by failing to raise it with the ALJ and noting that a no-waiver approach "could cause havoc" and "severely undermin[e] the administrative process"). After the ALJ stated that he was denying the Plaintiff's requests to subpoena the consultative examiners and overruling her objections to the admission of their reports—and gave a brief explanation why—the Plaintiff's counsel explicitly indicated that he understood the ALJ's position, thereby waiving any argument that the ALJ should have offered a more thorough explanation of his rulings. *See* Record 76-77 .

The Plaintiff's counsel further waived any argument about submitting interrogatories to the consultative examiners by failing to follow up on that idea during or after the hearing. The Plaintiff cites no authority suggesting that the ALJ was obligated to establish a procedure for her to submit interrogatories based merely on her counsel's passing statement that he would be fine with interrogatories, and she acknowledged at oral argument that the ALJ had no duty to draft any interrogatories himself. In such circumstances, the Plaintiff cannot now complain that she was deprived of the opportunity to submit interrogatories or argue that the ALJ had a duty to address the issue in his written decision.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be *AFFIRMED*.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 5, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge